Yunfeng ZHOU, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 13–71153.

United States Court of Appeals, Ninth Circuit.

---

Submitted Jan. 21, 2015.*

Filed Jan. 27, 2015.

Jisheng Li, Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Lance Lomond Jolley, Esquire, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Yunfeng Zhou, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on the omission from Zhou's written statement of the fine allegedly imposed by family planning officials. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard); *see also Zamanov v. Holder,* 649 F.3d 969,

973–74 (9th Cir.2011) (adverse credibility finding supported where incidents petitioner omitted from asylum application materially altered claim). In the absence of credible testimony, Zhou's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland. Security. *See Reno v. American–Arab. Anti–Discrimination Committee (AADC),* 525 U.S. 471, 483–85, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.